CASE 44—FORCIBLE DETAINER—SEPTEMBER 17.

# Shepherd vs. Thompson.

### APPEAL FROM CARTER CIRCUIT COURT.

1. Before a tenant can be subjected to the consequences of a forcible detainer, it is requisite now, under the Code, as it formerly was under the statute, *that he should have refused* to restore the possession after the expiration of his term; and a *mere continuance in possession, without such refusal* or the commission of some act constructively constituting a refusal, is not sufficient to convict a tenant of a forcible detainer. (*Sec.* 500, *Civil Code.*)

2. An acquittal on a charge of forcible detainer will not bar a subsequent action for a forcible detainer committed at a subsequent date.

BOTTS,                                              For Appellant.

E. F. DULIN,                                        For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment against the appellant, rendered on the trial of an inquisition of a jury, in a proceeding of forcible detainer brought to recover the possession of a house and lot in the town of Grayson.

It appears from the record, that, under an agreement dated the 5th day of February, 1862, which was read in evidence, the appellant became the tenant of the appellee, with the privilege of holding the premises for one, two, or three years, at his option, and that he afterwards elected to continue the lease for three years, his term expiring on the 5th of February, 1865, and that he remained in possession when the warrant of forcible detainer was sued out against him on the 13th day of April, 1865.

Shepherd vs. Thompson.

The action of the court in overruling the appellant's motion for a new trial involves the question, whether the verdict of the jury was or not sustained by the evidence.

The bill of exceptions contains no evidence of a demand and refusal to restore the possession of the premises after the expiration of the term; nor does it appear, from the entire record, that when the warrant was sued out the appellant had committed any acts which, in legal contemplation, would be equivalent to a refusal to restore the possession. So far as this record shows, he merely remained in possession after the expiration of his lease. This cannot be construed into a *refusal* to restore the possession, nor be regarded as equivalent to it. (*Allison vs. Thompson*, 1 *Littell*, 32 ; *Gray vs. Nesbet*, 2 *Marshall*, 35.)

By the 16th section of the act of 1810 (1 *M. & B.*, 730), a forcible detainer was defined to be a refusal of a tenant to restore the possession of premises so held by him after the expiration of his term; and this provision is substantially re-enacted by *section* 500 *of the Civil Code*, in which it is declared, that "a forcible detainer is the refusal of a tenant to surrender to his landlord the land or tenements demised, after the expiration of his term ; or of a tenant at will, after the determination of the will of the landlord."

Before a tenant can be subjected to the consequences of a forcible detainer it is requisite now, under the Code, as it formerly was under the statute, that he should have *refused* to restore the possession after the expiration of his term; and a mere continuance in possession without such refusal, or the commission of some act constructively constituting a refusal, is not sufficient to convict a tenant of a forcible detainer.

We are of the opinion, therefore, that the verdict of the jury was not sustained by the evidence, and that the court erred in overruling the motion for a new trial.

As to the competency of the record offered as evidence by the appellant it is only deemed necessary to say, that such evidence could only have been competent as conducing to establish a former adjudication of the same matter in litigation; and we do not perceive in this record such accompanying or explanatory evidence of what was adjudged in the former case, as to authorize us to say that the court erred in rejecting the record.

The warrant copied in the transcript offered charges that the appellant was guilty of a forcible detainer of certain premises on the 6th of February, 1865. His acquittal of that charge was certainly no bar to a warrant for a forcible detainer committed at a subsequent time.

But for the reason indicated, that the verdict is not sustained by the evidence, the judgment is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with this opinion.