•JUDGE HARDIN
delivered the opinion on the court:
This was a proceeding by attachment against the property of the appellant, under the 5th section of article 2 of chapter 56 of the Revised Statutes, for the recirvery of one thousand dollars, claimed by the appellee in his affidavit, for the rent of a house and lot.
The attachment having been levied and returned to the circuit court, as directed by law, for adjudication thereon, the defendant appeared and filed an answer, controverting the claim, and a trial of the case resulted in a verdict and judgment for the plaintiff for eight hundred and thirty-five dollars, from which this appeal is prosecuted.
It appears that the defendant became the tenant of the plaintiff’s intestate, Thomas K. Marsh, about the first day of March, 1866, under a contract by which he agreed to pay said Marsh five hundred dollars, as rent for the leased premises, for a term ending on the first of March, 1867, and that he subsequently paid the five hundred dollars. And it further appears, that he remained in possession after the expiration of the lease, without any express contract as to the payment of rent, until the 26th of February, 1868, when the attachment was sued out.
There is no evidence to authorize the conclusion that a reasonable rent of the property for the time the defendant occupied it, after the termination of his lease, would have exceeded five hundred dollars. It is obvious, therefore, that the sum assessed by the jury was excessive and unauthorized, unless the defendant, by holding over, ren *425 dered himself liable for double rent, as was contemplated by the instructions of the court.
This increased and apparently punitive responsibility of tenants is imposed by the sixth and seventh sections of the first article of chapter fifty-six of the Revised Statutes, by which it is restricted to the following cases : 1st. That of a tenant who, having given notice of his intention to quit possession of the premises held by him, shall not accordingly do so; 2d. That of a tenant whose term is to end at a certain time, who refuses to deliver possession when his term expires; and, 3d. That of a tenant who, having entered under a special agreement that no notice was to be given, refuses to deliver possession when it is demanded.
As in this case the tenancy was, by contract, terminated at a particular time, the essential question is, did the appellant refuse to deliver possession when his. term expired ?
This court has decided that the mere fact that a tenant remains in possession after the expiration of his lease, cannot be construed into a refusal to deliver possession. (Shepherd vs. Thompson, 2 Bush, 176.) There is no evidence in this case of a demand and refusal to restore the possession of the premises after the termination of the lease, nor of any such act on the part of the appellant as should be regarded as equivalent to an express refusal. It is stated in the bill of exceptions that the record of a traverse case between the parties was read to the jury; but it is not embodied in this record, and the bill of exceptions does not show what fact, if any, was proved by its production as evidence.
It seems to us, therefore, that the recovery of double rent was not authorized by the evidence; and for this reason the judgment must be reversed, although no ex *426 ceptions were taken to certain rulings of the court, which are inconsistent with the conclusions of this opinion.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, and for further proceedings not inconsistent with this opinion.