CASE 55—PETITION ORDINARY—SEPTEMBER 24.

# Beynroth vs. Mandeville.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. DOUBLE RENT.—For a wrongful holding over against the landlord's will, the tenant is liable for double rent from the date of the demand of possession and refusal to surrender, at or after the expiration of the term, unless the apparent acquiescence of the landlord had matured into an implied tenancy from year to year.
2. A tenant's conduct may amount to a refusal to surrender, when there was no formal demand of possession.
3. A refusal to surrender, and wrongful holding over, when possession has been demanded, after the expiration of the term, subjects the tenant to double rent from the date of such demand and refusal.

BODLEY & SIMRALL,                               For Appellant,
                        CITED—
        *Revised Statutes, chap.* 56, *secs.* 6, 7.
        *Civil Code, sec.* 500.
        2 *Bush,* 176 ; *Shepherd vs. Thompson.*
        *Taylor on Landlord and Tenant, p.* 384.

---

Beynroth vs. Mandeville.

BARRET & ROBERTS,                              For Appellee,
CITED—
4 *Bush*, 424; *Thompson vs. Marsh.*
1 *Bush*, 176; *Shepherd vs. Thompson.*
*Revised Statutes, chap.* 56, *secs.* 6, 7.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action the appellant seeks a judgment for double rent for a house and lot leased by him to the appellee, in Louisville, for a year, ending September 1st, 1865. On the trial the judge instructed the jury, in effect, that there could be no recovery unless there had been *demand* of possession and refusal to surrender *on the 1st of September*, 1865; and as there was no proof of such formal demand and refusal, the jury accordingly returned a verdict, which the court adjudged a bar to the action.

The statute allowing double rent is not so much penal as compensatory—not so much to punish a delinquent tenant as to indemnify a disappointed landlord for the vexations and losses resulting from a tortious detention of that which it may be often very important otherwise to dispose of, and from, also, expensive litigation. There is no reason, therefore, for any other than a rational and consistent interpretation of the statute; and considering the letter, and object, and context, we construe it as contemplating any wrongful holding over after the term against the landlord's will, unless his apparent acquiescence had matured into an implied tenancy from year to year.

Without any formal demand on the 1st September, 1865, the appellee's conduct may have amounted to a refusal; and there being much in the case indicating such refusal, that fact ought to have been left to the

jury, and if they had so found, no demand became necessary. (*Shepherd vs. Thompson*, 2 *Bush*, 176.) Consequently, had the judge's instruction been right in restricting the refusal to the 1st of September, 1865, it was still erroneous in requiring an express demand, and it is not unlikely that this error produced the special verdict, which was, "that the possession of the premises was not demanded by plaintiff of defendant on the 1st September, 1865; not only, therefore, was the judgment unauthorized by the verdict, but the instruction, as suggested, was otherwise erroneous.

It appears that some time in the same September the appellee told the appellant that he would not surrender; and on the 4th of the next month he was notified to surrender on a specified day, and still refused.

From these facts the jury might have inferred that the appellant was urging, and the appellee persistently resisting, a surrender, all the time, from the close of the lease, and that there could have been no implied holding from year to year  But if there had been neither demand nor refusal until a few days after the 1st of September, the appellant had right to double rent from the time of that refusal.   A more literal and restrictive construction of the statute might often frustrate the leading purpose of its enactment.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.