CASE 39.—ACTION BY MARY SELLS, ETC., AGAINST FANNIE
    PULLIAM BY A WRIT OF FORCIBLE DETAINER.—
    January 16.

# Pulliam v. Sells, &c.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiffs.    Defendant appeals.. Affirmed.

1.  Landlord and Tenant—Termination—Tenancy from Month to
    Month.—Where a lease is from month to month, either party
    may terminate it by giving one month's notice.
2.  Judgment—Matters Concluded.—Where the landlord in a lease
    by the month gave a notice terminating it, but he was defeated
    in a subsequent forcible entry and detainer proceeding, and
    subsequently he gave another notice and brought new pro-
    ceedings, a plea of former acquittal was untenable.
3.  Evidence—Comparison of Writings.—Ky. Stats., 1903, section
    1649, provides that, on a dispute as to the genuineness of a
    handwriting of a person, other handwritings of such person
    may be introduced for comparison provided that the genuine-
    ness of such writings shall be proved, etc.  Held that, where
    a party admits the genuineness of his signature to a writing
    to be compared with the disputed signature, it is not
    necessary to observe the requirements of the proviso.

W. SCOTT MORRISON, attorney for appellant.

Our contention is:

1.  That where property is rented by the month and the land-
lord obtains a writ of forcible detainer against the tenant upon
which a trial is had in a proper court which results in favor of
the tenant, that the trial is conclusive on the landlord until it
is reversed.  (Civil Code, sec. 468; Hamel v. Lawrence, 1 A. K.
Mar., 330; Mattox v. Helm, 5 Littell, 185; Pollard v. Otter, 4

Pulliam v. Sells, &c.

Dana, 516; Shepherd v. Thompson, 2 Bush, 176; Marsteller, v. Marsteller, 132 Penn. State Rep., 517; Am. Stat. Reports, 604.)

2. It was proper practice for appellant to make and file her plea in bar herein, in writing, and the lower court erred in sustaining a demurrer thereto.

3. The testimony of supposed experts as to handwritings, as to the signature of appellant was incompetent. (Ky. Stats., sec. 1649; sub-secs. 1, 2, 3, 4, 5.)

LA VEGA CLEMENTS and SWEENEY, ELLIS & SWEENEY, attorneys for appellees.

1. The written contract in this case is a renting for less than a year, .which under our statute could be terminated at the end of any month; thirty day's previous notice in writing having been given.

2. Under this contract, we submit that a writ of forcible detainer sued out and tried in May, 1905, would not be a bar to another writ between the same parties, sued out in September, 1905.

3. Appellant contends that the written rental contract exhibited on the trial is not her act and deed; that she never made such a contract and practically claims that her signature thereto is a forgery.

4. We submit that appellant is absolutely overwhelmed by by the proof in this case on the facts in issue.

### AUTHORITIES CITED.

Shepherd v. Thompson, 2 Bush, 176; Fuller v. Mut. Life Ins. Co. of N. Y., 57 Am. State Rep., 84; Cromwell v. County of Sac, 94 U. S., 351; 96 Am. Dec., 779.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

The appellees, Mary Sells and Annie Sells, being the owners in fee simple of a house and lot (called in this record a hotel) in Owensboro, Ky., leased the same to the appellant by the following contract in writing: "June 8, 1904. This contract made and agreed to by and between Mrs. Mary Sells and Annie Sells, of the first part, and Mrs. Fannie Pulliam of the second part. Witnesseth: That the first party

has, this day rented by the month their hotel building, on East Fourth street in Owensboro, Ky., to be used as a hotel, to the said Mrs. Fannie Pulliam, at a monthly rental of $20.00, due and payable during the month, and in the event of the default and failure of the said second party to pay the rent when due, she is to give quiet and peaceable possession without further notice.'' On the 15th day of April, 1905, the appellees, desiring to repossess themselves of their property, gave to the appellant one month's notice to vacate the premises, to-wit, on the 15th day of May, 1905. The tenant refusing to deliver possession, a writ of forcible detainer was sued out by the owners in the county court of Daviess county, where a trial was held before a jury, with the result that a verdict of not guilty was returned by them. This inquest was not traversed by the owners, but, acquiescing in the result, they abandoned all proceedings under the writ, and allowed the tenant to remain in possession of the premises. Afterwards they gave to her 30 days' notice to vacate on or before the 9th day of September 1905, and she again refused to deliver possession; whereupon a second writ of forcible detainer was sued out in the county court against the tenant, with the result that the second jury returned a verdict of not guilty. This inquest the owners traversed, and the matter coming on to be heard in the Daviess circuit court a trial was had there, with the result that the jury returned a verdict of guilty, and a judgment of restitution was entered thereon, from which this appeal is prosecuted.

When the inquest reached the circuit court, the tenant (appellant) filed a plea of former acquittal in bar of the procedure under the second writ. To this the court sustained a general demurrer, and refused, upon the trial, to permit the tenant to introduce the

record of the first inquest in bar of the second writ.

The appellant relied upon two defenses: First, as said before, the plea of former acquittal; second, that the written lease relied upon by the owners (appellees) was a forgery, in that it had been changed in a material manner, and that by the genuine contract the appellees had rented the premises to her as long as she continued to pay $20 per month, which would practically make it a perpetual lease, instead of a lease from month to month.

The question as to whether or not the writing above quoted was or not the genuine lease by which the premises were rented to appellant was properly submitted to the jury by the instructions of the court, and they found it adversely to appellant's contention. The evidence adduced upon this issue abundantly sustained the verdict, and this is all that need be said upon that question here.

The plea of former acquittal is untenable. The lease being by the month, either party could abandon it by giving one month's notice. Reccius & Bro. v. Columbia Finance & Trust Co., 120 Ky. 478, 86 S. W. 1113, 27 Ky. Law Rep. 880; Taylor on Landlord and Tenant, section 57; Wood on Landlord and Tenant, section 50. The owners were only precluded by the verdict of not guilty upon the first inquest from any further procedure under the first notice. After that they were at liberty to give a new notice for any other month to vacate the tenancy, and proceed under it, as was done here. Shepherd v. Thompson, 2 Bush. 176.

No injury accrued to appellant by the court's permitting expert witnesses to compare her signature to the lease in dispute with her admitted genuine signature to other papers and pleadings. The signatures introduced for comparison were first shown to appellant and admitted by her to be genuine. This being

first done, she has no substantial grounds to complain that the court permitted experts to compare her admitted signatures with the one in dispute, and to testify that in their opinion the signature in dispute was that of appellant. The testimony in question was introduced under the provisions of section 1649, Ky. Stat., 1903. All of the provisos attached to that section are for the purpose of protecting the party against whom the expert testimony is to be introduced from imposition by undertaking to prove the genuineness of the disputed signature by comparison with writings not fully proved to be genuine. All this is rendered unnecessary when the party admits the genuineness of the writing to be compared with the disputed signature.

Perceiving no error in the record, the judgment is affirmed.