# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## Jolly v. Gilbert.

(Decided November 26, 1920.)

### Appeal from Daviess Circuit Court.

1. Forcible Entry and Detainer—Form of Writ.—A warrant of forcible detainer is not a pleading of the complainant and is sufficient if it conforms substantially with the form prescribed by the Code.
2. Forcible Entry and Detainer—Form of Writ.—Such a warrant is therefore not defective because it does not allege a refusal after demand to surrender possession although proof of such a refusal is necessary to a judgment of restitution.
3. Forcible Entry and Detainer—Description of Property.—A description of the property in the warrant as, "one house and lot at No. 603 St. Ann Street, in Owensboro, Daviess County, Kentucky," is sufficient.

E. C. O'REAR, WILLIAM F. WALLACE and BEN D. RINGO for appellant.

R. MILLER HOLLAND for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Upon complaint of appellee the county judge of Daviess county issued a warrant charging that appellant "did on the 2nd day of April, 1919, forcibly detain and now forcibly detains from the said James W. Gilbert house and lot at No. 603 St. Ann street, in Owensboro, Daviess county, Kentucky, &c."

Upon the inquisition before the county judge and also upon the trial of his traverse in the circuit court appellant was convicted and a judgment of restitution entered against him. From the latter judgment he has prosecuted this appeal.

The record does not contain the evidence and his only complaint is that the warrant issued by the county judge, in the exact language and form prescribed by section 454 of the Code, is defective and that the circuit court erred in overruling his motion to quash it.

It is first contended that the warrant should have contained an averment that appellant had refused upon demand after the expiration of his lease to surrender possession to appellee, since proof of such refusal is required to authorize judgment of restitution as has been held by this court in Shepherd v. Thompson, 2 Bush 176; Thompson v. March, 4 Bush 423, and Kennedy v. Collins, 6 Ky. Opinions 157. The vice in this argument is that it treats the warrant as a pleading by the complainant, which it is not. The warrant in form prescribed by statute is issued by the magistrate; no affidavit or written statement is required of the complainant for its issuance or of either party upon trial of same. Tolbert v. Young, 172 Ky. 269, 189 S. W. 209.

Although the proceeding is both authorized and regulated by the Civil Code, it conforms to the practice in criminal proceedings; and the warrant is sufficient if it conforms substantially with the form prescribed by the Code. Smith v. White, 2 Dana 381.

Since the warrant in this case is in exact accordance with the Code, the first contention is manifestly unsound.

It is next contended the description of the premises is insufficient, but the Code provides that the property shall be described as ''one house and field on the waters of ——— in the county aforesaid or other general description of the lands or tenements,'' and the description in the warrant in the instant case, as quoted above, is certaintly a compliance therewith.

We have held sufficient much less accurate descriptions in many cases, and this contention is also manifestly without merit. Trent v. Colvin, 35 S. W. 914, 18 Ky. L. R. 173; Bush v. Coomer, 69 S. W. 793, 24 Ky. L. R. 702.

Wherefore the judgment is affirmed.