## Dickerson v. Gray.

(Decided April 30, 1929.)

ROUSE & PRICE, STEPHENS L. BLAKELY and JOHN H. KLETTE for appellant.

BERT J. KING and RICHARD H. GRAY for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

This is a forcible detainer proceeding, instituted by a mother, the appellant, against an only son, the appellee, to recover possession of a part of a building jointly occupied by them.

It appears that shortly after the death of the husband and father in 1908 the son Frank Gray, at the instance of his mother, moved into four rooms on the first floor of the house owned and occupied by her, for which he paid her rent either semimonthly or monthly. The son continued to occupy these rooms for eight or ten years and then took possession also of two rooms on the second floor, increasing the rent paid to $30 a month. Although Mrs. Dickerson testified that her son rented the property, she stated that she never had any contract with him, and rests her right of recovery of the premises on the theory that he was a tenant by the month and at will. The appellee showed that upon the death of his

father, twenty years before, his mother requested him to move into the home and maintain and care for it, and agreed that, if he would do so and stay with her until she died, he should have the property at her death. Under that agreement he came into possession of the premises and remained there.

The parties lived as one family and the son not only kept the house in good repair, but made material improvements in the property, treating it as he would his own; all with the acquiescence of his mother. There does not appear to have been any serious differences or friction between them until some time in 1926, when the appellant, a short time before she remarried, notified her son to vacate the premises. Following the notice, in August, 1926, she sued out a writ of forcible detainer against her son, but the inquisition before the justice of the peace resulted in a verdict finding him not guilty. A traverse was had, and in the circuit court on a similar verdict judgment was entered in conformity therewith. That judgment was never appealed from or set aside.

The present proceeding was instituted in April, 1928, and the results were the same as in the previous one. On the trial in the circuit court the record of the former inquisition was introduced in evidence and relied on by the defendant. It appears that in that proceeding the defendant filed a written pleading setting up the same contract upon which he rested his claim in the one at bar, and proved that the issues were the same and that the conditions were unchanged. except that his mother had refused to accept the rental offered her. After the institution of this action the son made a legal tender to his mother of the accumulated rentals, which tender she declined.

The principal reason assigned by appellant as to why the judgment should be reversed is that the contract as testified to by appellee is invalid. We are not called upon to consider that question, however, as the court is of the opinion that the former judgment was and is a bar to this proceeding, although there was no written plea of res judicata. The practice in forcible detainer proceedings conforms to that in criminal proceedings (Jolly v. Gilbert, 190 Ky. 1, 226 S. W. 354), and a plea of not guilty puts in issue all questions; indeed, it is not even required that there be a formal joinder of issue on the traverse (Tolbert v. Young, 172 Ky. 269, 189 S. W. 209). The defendant may rely on any legal defense he

has by introducing it in evidence. Jones v. Commonwealth, 104 S. W. 782, 31 Ky. Law Rep. 1148. This includes the right to rely upon a former judgment. It is conclusively shown that the right of the defendant to the peaceable possession of the premises was adjudicated in the former action.

While it does not appear that the question of res judicata resting upon identical facts has heretofore been before this court, we are of the opinion that the law is correctly stated in section 869, Freeman on Judgments, as follows: "Judgments in Actions of Forcible Entry and Unlawful Detainer are, to the same extent as judgments in other actions, conclusive upon the questions within the issues, and determined by the court or confessed by the parties, including the fact and right of possession."

There are cases in our jurisdiction in which the questions of a bar by a former judgment in a similar proceeding was raised, but the facts distinguish them. In Johnson v. Gordon (Ky.) 118 S. W. 372, the defendant relied on a judgment of acquittal of forcible entry in bar of a forcible detainer proceeding, but his contention was not allowed, since forcible entry had no relevancy to forcible detention after the defendant had been legally required to surrender the possession of property. In Pulliam v. Sells, 124 Ky. 310, 99 S. W. 289, the lease was from month to month, and a former judgment in a forcible detainer proceeding did not preclude the giving of another notice for any subsequent month to vacate the tenancy and action thereon. Both of those cases cite as authority Shepherd v. Thompson, 65 Ky. (2 Bush) 176, in which it was held that acquittal of a charge of forcibly detaining the demised premises was no bar to a similar warrant for a detainer committed at a subsequent time. There is no variance between the principles of those cases and that applicable to the instant case, where the right to recover or to retain possession rests on the same contract and the same alleged breach litigated in the former proceeding. That proceeding involved and necessarily determined on its merits the same issue sought to be determined in this case. Hence the question is res judicata. Marcum v. Edwards, 181 Ky. 683, 205 S. W. 798. So deeply implanted is this principle in our jurisprudence that the Supreme Court in Jeter v. Hewitt, 22 How. (U. S.) 352 declared: "The res judicata renders white that

which is black, and straight that which is crooked." Of course, if appellee should subsequently violate the provisions of the contract under which he holds, a different situation would arise.

It may be said also that, since only the right to possession of the property was and is involved in these proceedings, no issue as to the title of the property or other claim under the agreement here asserted has been adjudicated.

The judgment is therefore affirmed.