James R. BRANHAM et al., Plaintiffs,

v.

Gerald E. MALONE et al., Defendants.

Civ. A. No. 7709-A.

United States District Court,
W. D. Kentucky.

Dec. 5, 1973.

Dennis Bricking, Louisville, Ky., for plaintiffs.

Boyce F. Martin, Jr., Louisville, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, District Judge.

This action is brought by the plaintiffs, James R. Branham, et al, alleging that defendant, Gerald E. Malone, Justice of the Second Magisterial District of Jefferson County, Kentucky, and his fellow magistrates, routinely fail to inform tenants of their statutory rights in violation of K.R.S. 383.140, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. It is further alleged that Judge Malone and fellow magistrates deny the plaintiffs their equal protection rights under the Fourteenth Amendment, in that they are not afforded their statutory rights to 30 days written notice before eviction, while all other forcible entry and detainer defendants are granted their statutory rights under K.R.S. 383.-140 when these issues are raised by way of defense by their attorneys.

Plaintiffs sought to have this action maintained as a class action, but an order denying a motion for such procedure was entered on June 26, 1973 by Chief Judge James F. Gordon.

The action now stands submitted to the Court on the motion of the parties for summary judgment. It appears from the discovery that has been filed of record that the three magistrates of Jefferson County, Kentucky, who have exclusive primary jurisdiction over F.E.D. actions, entered default judgments in those cases where the defendant-tenants failed to enter a timely appearance to writs of F.E.D.

It appears further that in 75–79 percent of the F.E.D. cases no appearance is made on behalf of the tenants, either in person or by counsel, and in approximately 5–13 percent of the F.E.D. cases tenants appear in person without counsel to defend. It is also shown that in approximately 8–20 percent of the F.E.D. cases, counsel appears to represent tenant-defendants. It is further shown from the discovery material that the magistrates do not inform those defendants who do appear to defend an F.E.D. action that 30 days written notice is required as a prerequisite to the entry of a judgment in those cases where there exists a tenancy at will or by sufferance.

The plaintiffs attached to their complaint the F.E.D. writ form which apparently is used by all of the magistrates in Jefferson County. The writ orders the sheriff or constable to summon the defendant to appear at the magistrate's office on the trial date shown in the writ to inquire of the forcible detainer complained of. The writ, which is attached to the complaint, shows that

the trial date is set 7 days after the writ issues.

■ The plaintiffs tender four basic arguments in support of their pleadings. The first contention is that K.R.S. 383.-140 is mandatory and that the magistrate's failure to require proof of the 30 day written notice and the granting of default judgments, as well as the failure to advise tenants of their 30 day notice rights, are all in violation of Kentucky law. While this sweeping contention is followed by six pages of legal citations, none of these citations support any of the contentions made by the plaintiffs. It is true that in F.E.D. cases involving tenancies at will or by sufferance, where an issue is raised by the tenant, then the landlord must prove that he has complied with the 30 day written notice. See Pack v. Feuchtenberger, 232 Ky. 267, 122 S.W.2d 914 (1930); see, also, Delph v. Bank of Harlan, 292 Ky. 387, 166 S.W.2d 852 (1942).

■ Plaintiffs do correctly point out, on pages six and seven of their brief, that the 30 day notice must be given, but plaintiffs do not point to any cases which hold that where a defendant-tenant fails to defend an F.E.D. action, the magistrate must still inquire as to the 30 day notice, and inform the defendant-tenant, if he should appear, of the 30 day notice requirement. Plaintiffs conveniently ignore the basic rule of jurisprudence that when parties fail to respond to a complaint, whether it be in a F.E.D. proceeding or some civil proceeding, that default judgment is then allowed to be entered against them without requiring proof, except as to damages. It is true that the F.E.D. proceedings are rather unique unto themselves, and that there is attached to them, under the relevant statutes, certain nomenclature of a criminal type, such as the designation of a jury verdict at an inquest as being guilty or not guilty.

■ However, although F.E.D. proceedings are strictly statutory, they cannot be classified as criminal in substance, since there is no restraint of liberty imposed upon the defendants if a verdict of guilty is reached, or is there any condition of probation imposed, or is there a fine. Plaintiffs rely, to a great extent, on an article written by the Honorable Martin Glenn in the Kentucky Bar Journal entitled "Forcible Detainer in Kentucky". Mr. Glenn correctly points out that a forcible detainer is not a common law action and is not controlled by the Kentucky Rules of Civil Procedure. However, he then goes further and states that a finding of guilty for failure of the defendant to file a response or appear is not authorized, and cites Jolly v. Gilbert, 190 Ky. 1, 226 S. W. 354 (1920), and K.R.S. 383.235.

With all due respect to Mr. Glenn's legal scholarship, it is the Court's interpretation of K.R.S. 383.235 and 383.245 that the inquest referred to therein is a trial between adversaries, where one is seeking to enforce an F.E.D. writ and the opposing party is contesting the writ. Jolly v. Gilbert, supra, cited by Mr. Glenn, bears this interpretation out, since there the appellant had the benefit of an inquisition in county court and a trial of his traverse in circuit court. Nothing appears in Jolly v. Gilbert to sustain Mr. Glenn's interpretation that where the tenant is in default and does not respond to the warrant that he is entitled to have the magistrate conduct an inquiry into the merits of the landlord's case. Nothing in the language of the statutes indicates that the legislature had in mind a full-dress trial proceeding conducted by the magistrate to inquire into the merits of the action where the defendant-tenants have failed to appear and contest the writ.

■ ■ The plaintiffs' second contention is that the taking of the property by virtue of the F.E.D. procedures is a violation of due process of law. The Court agrees with the general principle that all litigants are entitled to meaningful access to the courts of this land, but does not agree with the conclusion

that the tenants have been denied meaningful access to the courts. The F.E.D. proceedings give notice to the tenants that plaintiffs desire them evicted, and that a trial date will be had to determine whether landlords are entitled to have the tenants evicted. See Lindsey v. Normet, 405 U.S. 56, 92 S.Ct. 862, 31 L. Ed.2d 36 (1972), upholding the constitutionality of the Oregon statute allowing a trial of F.E.D. proceedings three days after issuance of the writ.

Plaintiffs' third argument that the Equal Protection Clause is violated, because some tenants hire attorneys who can demand their client's rightful statutory notice, is without merit. In all F. E.D. cases, the tenants are given the right to defend against the writ and may raise any defenses which are relevant thereto. If they choose not to defend against the proceedings, or not to employ an attorney to represent them and do not make inquiry of the magistrate as to what elements will justify judgment for the landlord, they cannot be heard to complain that they are denied equal protection of the law.

The last contention of the plaintiffs is that the F.E.D. procedures challenged in this action are in violation of the separation of powers doctrine, which theory seems to be that the defendant magistrates are amending or repealing rights vested by the legislature in the defendants-tenants in F.E.D. proceedings. The Court sees no merit in these contentions, in that, as stated before, all defendants in F.E.D. proceedings have an absolute right to defend against such proceedings and to require the landlords to put on probative proof to convince the judge or the jury, as the case may be, of their right to a writ of eviction.

In conclusion, it is ordered that the motion of the defendants for summary judgment be and it is hereby granted, and the motion of the plaintiffs for summary judgment is hereby denied, and that this is a final and appealable order and there is no just cause for delay.