Commonwealth v. Louisville & N. R. R. Co., &c.

---

CASE 92—ACTION BY THE COMMONWEALTH OF KENTUCKY AGAINST THE
   L. & N. R. R. CO. AND C. & O. RY. TO RECOVER A PENALTY AND TO
   OBTAIN A FORFEITURE OF THE CHARTERS OF DEFENDANTS—FEB. 25.

# Commonwealth v. Louisville & N. R. R. Co., &c.

APPEAL FROM SHELBY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

RAILROADS—STATUTORY REQUIREMENT AS TO RUNNING OF TRAINS—
   FAILURE TO STOP AT STATION.

Held:   1. Kentucky Statutes, section 772a, providing that all com-
         panies or persons owning and operating a railroad line or any
         branch of any railroad in the Commonwealth, the length of which
         exceeds five miles, shall be required to run at least one pas-
         senger train each way on every day of the year, Sundays ex-
         cepted, over said line, being a penal statute, must be strictly
         construed.
2. Where a part of a railroad was jointly operated by two com-
         panies, the running of one train each way over that part of
         the road was a sufficient compliance with the statute, though
         no train stopped at one station, and there was thus a failure to
         so operate the road as to accommodate passengers.

R. F. PEAK, COMMONWEALTH'S ATTORNEY AND ROBERT J. BRECK-
INRIDGE, ATTORNEY GENERAL FOR COMMONWEALTH.

But two questions are presented by this appeal:

1. The construction of section 772a of the Kentucky Statutes.

2. Did the defendants or either of them comply' with the
letter or spirit of said statute?

This statute means, in short, that every railroad company own-
ing and operating a line of road exceeding five miles in length
shall run one passenger train over said line of railway,
each way, every day so as to furnish proper and suitable fa-
cilities for the transportation of passengers over same, not only
for the benefit of the people at the terminals, but also for the
accommodation of the public living along the line between the
terminals.

It is an admitted fact that there is no accommodation over
the line of railroad known as the *Shelby cut-off*, that you
can buy tickets or obtain passage from Shelbyville to Chris-
tiansburg going either way or from Shelbyville to any point
in the eastern part of Shelby county going either way a dis-
tance of about nineteen miles, except from Bagdad to Shelby-
ville in the morning and from Shelbyville to Bagdad in the
evening.

Under this state of facts we contend there has been a palpa-
ble violation of this statute and that the erroneous instruc-
tion, No. 2, given by the court on the trial of this case enti-
tles the Commonwealth to a reversal.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 772a; People v. St. Louis, &. R. R.
Co., 35 L. R. A., 656; Brownell, &c., v. Old Colony R. R.
Co., &c., 29 L. R. A., 169; Illinois Central R. R. Co. v. Com.,
23 Ky. Law Rep.

WILLIS & WILLIS, FOR APPELLEE.

Section 772a of the Kentucky Statutes reads thus: "That
all corporations, companies, persons or associations, owning and
operating a railroad line in this State, or any branch thereof,
the length of which exceeds five miles, shall be required and
they are hereby directed, to run at least one passenger train
each way every day of the year, Sundays excepted, over said
line."

The agreed facts are as follows: "It is further agreed that
the C. & O. Ry. Co. did on each of the days mentioned in
said five petitions, operate and run two passenger trains each way

Commonwealth v. Louisville & N. R. R. Co., &c.

every day over said line of railroad between Shelbyville and Christiansburg on to Bagdad, and on east through the limits of Shelby county."

The Commonwealth's attorney admits in his brief, that the proof shows a substantial compliance with the statute, but he insists that there should be interpolated in the statute these words: "So as to furnish proper and suitable facilities for the transportation of passengers over said line of railroad." But these words are not in the statute.

All authority, in all law books have always held that laws, providing penalties, must be strictly construed.

The instructions given by the court below were in the very language of the statute, and under the agreed facts the jury was compelled to find for the defendant.

### AUTHORITIES CITED.

Section 772a, Kentucky Statutes; Judy v. Howard, 2 Metc., 44; Marshall v. McDaniel, 13 Bush, 380; A & E. Ency. (vol. 18) 270; (vol. 23) 234; Lawson on Rights and Remedies (vol. 7), 3777; Commonwealth v. L. & N. R. R. Co. 18 Ky: Law Rep., 610.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—AFFIRMING.

This is an action instituted by the Commonwealth against the appellees seeking to recover judgment for the sum of $300, and to obtain a forfeiture of the charters of said companies, on account of the failure of said companies to comply with section 772 a, Kentucky Statutes. So much of said section as is deemed applicable to the case on trial reads as follows: "That all corporations, companies, persons or associations owning and operating a railroad line in this Commonwealth or any branch of any railroad in this Commonwealth, the length of which exceeds five miles, shall be required and they are hereby directed to run at last one passenger train each way on every day of the year, Sundays excepted, over said line: Provided, however, that the operation of a train known as a mixed train, on lines carrying passengers and freight in the manner in which both pas-

sengers and freight are carried, if operated in accordance with the provisions of this act, shall be deemed a compliance therewith." It is further provided, "that any corporation, association, company or person who shall willfully violate the provisions of this act, shall be liable to a forfeiture of the charter of the said corporation, company or association, and upon conviction in a court of competent jurisdiction, shall be fined not less than $300.00 for each offense, and the failure of such corporation, company, association or person to run a train either way on any day during the year, Sundays excepted, shall be considered and treated as a separate and distinct offense." It is further provided that the penalties may be recovered by indictment or by information by the county or Commonwealth's Attorney or by an ordinary suit for penalties. This action was instituted under the provisions of the statute aforesaid. The defense may be treated as a plea of not guilty. The agreed facts show that the line of road specified in the appeal is what is known as the "cut off," leaving the line of what is now the Louisville & Nashville Railroad at Christiansburg, and thence to Shelbyville, being a distance of more than eight miles from Christiansburg to Shelbyville; that the line aforesaid is operated by the appellee Chesapeake & Ohio Railway Company; that it runs two trains each day each way over the said line, but that it will not accept passengers for Shelbyville except at Bagdad, which is east of Christiansburg. We are of opinion from the testimony in the case that the railroad is jointly operated by the two appellees. It is insisted for the Commonwealth that the plain meaning of the statute in question is that the railroad should be so operated as to accommodate the passenger traffic between Christiansburg and Shelbyville. The contention of the appellees is that they have not violated the statute in question, and

that nothing is said in the statute as to carrying passengers or traffic on the line aforesaid. It seems to us that applying the strict rule in penal actions to the case at bar justified the second instruction given by the court below, which was to the effect that if the appellees really ran as many as one train each way each day upon said road the jury should find the defendants not guilty. It may be that the intent of the Legislature was to require the operation of trains on the roads indicated in the act for the accommodation of passengers and traffic thereon, but it is clear that the act in question does not so read, and under the well-settled rules of construction of penal statutes we are not authorized to hold that a failure to so operate the road as to accommodate passengers brings the companies within the purview of the act in question, or, in other words, subjects them to the penalty denounced by the statute aforesaid.

Some reference is made to the powers of the railroad commission in regard to the operation of railroads. It is also argued that under the law railroads, being common carriers, are bound to furnish reasonable facilities for passengers and traffic thereon; but neither of these questions is before us for decision, and we expressly decline to give any opinion thereon. It is, however, clear to us that the appellees have not violated the letter of the statute aforesaid, and it therefore follows that the judgment appealed from must be and is affirmed.