## Pettitte v. Smith.

(Decided Nov. 22, 1935.)

412

A. F. CHILDERS and J. A. RUNYON for appellant.

L. J. MAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

On February 16, 1934, Jake Smith, Ike Smith, and Octavia J. Davies, through their father and representative, Will Smith, rented to R. N. Pettitte for a period of two years a building known as the Smith filling station, and located at the Kentucky end of the Pikeville-Williamson Bridge. The contract contained the following provision:

"There is to be no gambling, gambling devices, whisky or immoral people or immoral carrying on of any nature during the life of contract, and any failure to comply with any of the above stipulations shall terminate this contract at once and possession reverts to the first party."

On May 11, 1934, Will M. Smith, as agent, instituted a forcible detainer proceeding against R. N. Pettitte in the Pikeville police court. Pettitte was found guilty, and appealed to the Pike circuit court.

There Pettitte demurred to the warrant, and the demurrer was overruled after Will M. Smith as agent had been permitted to amend the warrant on its face. Trial by jury having been waived, and the law and facts having been submitted to the court, Pettitte was again found guilty of the forcible detainer. He appeals.

It is first insisted that the judgment is erroneous for the reason that appellee failed to allege in the warrant, or to prove, that any notice had been given the appellant of his election or intention to end the contract and repossess the property. The basis of the proceeding is that appellant was selling whisky on the premises. The contract distinctly provides that that shall not be done, and further provides that any failure to comply with any of its stipulations shall terminate the contract at once and possession revert to the first party. Thus it will be seen that the contract fixed a definite period for the termination of the lease, and where that

is the case no notice to quit is necessary. Slusher v. Lawson, 198 Ky. 358, 248 S. W. 888; Mendel v. Hall, 13 Bush, 232.

There is the further contention that the court erred in concluding that appellant had violated the contract by selling whisky on the premises. The argument is that the parties intended to prohibit only those things which were violations of law, and the sale of whisky now being legal, it is not prohibited by the contract. What the parties intended is to be gathered from the language employed. The language is broad and comprehensive. It contains no exceptions, and where that is the case it is not the province of the court to introduce exceptions by construction. Alexander v. Theatre Realty Corporation, 253 Ky. 674, 70 S. W. (2d) 380.

Another ground urged for reversal is that appellee accepted rentals under his contract after the forcible detainer warrant had been issued, and thereby estopped himself to complain. The forfeiture of the lease was not sought for the nonpayment of rents. It was sought for a continued violation of the lease. The contract was entered into on February 16, 1934. The rent became due on the 16th day of each month thereafter. Appellant had not paid the rent for the month of April. The forcible detainer warrant was issued on May 11th. Substantially a month's rent was due at that time. The check referred to was dated May 16, 1934, and paid the rent up to that day. The check was cashed on May 21st. The ground of forfeiture being the sale of whisky on the premises, and not the nonpayment of rent, it is our conclusion that by accepting the rent which was substantially due when the forcible detainer warrant was issued and altogether due at the time of its acceptance, appellee did not waive his right to declare the forfeiture. Sherrill v. Harlan Theatre Co., 256 Ky. 150, 75 S. W. (2d) 775.

Lastly, it is insisted that the court erred in allowing appellant to be called as a witness as if upon cross-examination, and to testify that he had been and was then engaged in selling whisky on the premises. The argument is that the proceeding is governed by the practice in criminal cases, and it is not proper that the defendant in criminal proceedings be required to testify against himself. In support of this position the case of

Jolly v. Gilbert, 190 Ky. 1, 226 S. W. 354, 355, is relied on. The language employed in that case was:

> "Although the proceeding is both authorized and regulated by the Civil Code, it conforms to the practice in criminal proceedings; and the warrant is sufficient if it conforms substantially with the form prescribed by the Code."

This is not a holding that the defendant in a forcible detainer proceeding occupies the position of a defendant charged with the commission of a crime. Not only so, but it is clear that the defendant in such a proceeding occupies the position of the defendant in every civil proceeding, and section 11, Constitution, providing that the accused cannot be compelled to give evidence against himself has no application.

Judgment affirmed.