## Sayers & Muir Service Station v. Indian Refining Company.

(Decided Nov. 27, 1936.)

JUSTICE & FITZPATRICK for appellant.

BOOTH & CONNOR for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Sayers & Muir Service Station, is a partnership composed of A. D. Sayers and J. W. Muir. The appellee and plaintiff below, Indian Refining Company, is a corporation created under the laws of the state of Maine. Prior to and on November 14, 1933, it had acquired and owned a gas filling station at 119 South Second street, Louisville, Ky. On that day it leased the premises to defendant on terms not necessary to be stated. That lease, pursuant to its provisions, was terminated and defendant was notified to vacate the property. It declined and refused to do so, followed by this forcible detainer proceeding instituted by plaintiff in the Jefferson county court. That court found defendant guilty and it prosecuted a traverse to the Jefferson circuit court. The pleadings in the county court, aside from plaintiff's complaint,

were oral; but on the trial of the traverse in the circuit court defendant abandoned all contentions, except that contained in the written plea filed by it in that court in which it was averred that plaintiff was a foreign corporation and had not complied with the provisions of section 570 of our Statutes and that its failure to do so barred its right to maintain the action. Plaintiff's demurrer filed to that defense was sustained with exceptions and defendant declined to plead further, followed by a finding that it was guilty of the forcible detainer complained of, and to reverse that judgment it prosecutes this appeal.

Section 570 so relied on by defendant says: "No law shall be passed for the benefit of, or in the interest of, any corporation heretofore created or organized by or under the laws of this state or any other state; nor shall any corporation avail itself of the provisions of this chapter, unless such corporation shall have previously, by a resolution adopted by its board of directors and filed in the office of the secretary of this state, accepted the provisions of the Constitution of this state; and such resolution, or a certified copy thereof, shall be evidence for and against such corporation." It was enacted in 1893 and is a part of chapter 171, page 612, of the Sessions Acts of that year relating to private corporations. It will be noticed that the section does not prescribe any penalty for its violation as does section 571, immediately following it, and which is also true of other sections of the same genus contained in the chapter; nor is there any provided penalty for the violation of section 570 contained anywhere in the chapter of which it is a part, or in any other statute that has been called to our attention or that we have been able to discover. It is, therefore, to that extent different from section 571 or any of the other sections referred to.

It is also true, and which is conceded, that a state may absolutely forbid a foreign corporation from doing business within its boundaries when in doing so there is no discrimination against corporations of the same kind and nature. That power and right necessarily embraces the lesser one of regulating the right to prosecute the business for which the foreign corporation was created by the foreign jurisdiction—all of which is also conceded—and when such a statute is so framed as to deny to a corporation the right which it proposes to exercise in the foreign jurisdiction to that of its creation, it would

no doubt be the duty of the court, howsoever drastic the imposed consequences might be, to decline the enforcement of the right. But it is equally true that "the statute being penal in its nature and in derogation of the common law, it should not be construed so as to include within its purview cases which do not clearly come within it. Commonwealth v. Louisville & N. R. R. Co., 112 Ky. 783, 66 S. W.. 753, 23 Ky. Law Rep. 1986; Commonwealth v. Malone, 141 Ky. 441, 132 S. W. 1033." Hayes v. Providence Citizens' Bank & Trust Company, 218 Ky. 128, 290 S. W. 1028, 1029, 59 A. L. R. 450. The same rule of interpretation was announced by the Supreme Court of Maine in the case of Dominion Fertilizer Co. v. White, 115 Me. 1, 96 A. 1069, 1070, wherein the court said: "The courts generally have shown a marked tendency to construe such statutes with considerable strictness, and not to extend their meaning beyond what is fairly expressed. And we think this rule of construction is the correct one." Proceeding upon that theory, and with the declared rule as our guide, we will now undertake the task of determining whether or not the court correctly sustained plaintiff's demurrer to the only defense interposed in the Jefferson circuit court.

It will be observed that the involved and inserted section (570) in its first part withholds the benefit to a violating corporation (either domestic or foreign) of any laws that may be passed "for the benefit of, or in the interest of," any corporation; but it is clear that no right therein withheld is involved in this action. However, it is insisted by defendant's counsel that the latter part of the section does apply to the facts of this case so as to deny plaintiff the right to maintain the action. The part of the section so invoked for that purpose says: "Nor shall any corporation avail itself of the provisions of this chapter, unless," etc. We have searched in vain for any provision in the chapter or any statutory enactment elsewhere, denying either in express or necessarily implied terms the right of a foreign corporation to maintain an action within this commonwealth, ex contractu or ex delicto, because it failed to comply with the provisions of the section of the statute relied on. Defendant's counsel urge, however, that section 542 of the same chapter confers the right on corporations to contract and be contracted with and to sue and be sued, and that such rights are thereby given by the chapter in which section 570 appears, and of which it is a part, and

that as a necessary consequence plaintiff because of its noncompliance with section 570, is forbidden the right to resort to our domestic courts to enforce any of its rights. But the trouble with that contention is that section 542, upon which reliance is made for that drastic interpretation, applies only to domestically created corporations and has no reference whatever to foreign corporations which have already been given the right to contract and be contracted with and to sue and be sued by the jurisdictions in which they were created. There is no domestic statute, we repeat, barring plaintiff from exercising such right within this jurisdiction for noncompliance with the inserted section (570) of our Statutes, and for that reason alone we conclude that the court properly sustained the demurrer to defendant's answer.

Counsel for plaintiff in combatting the interposed defense rely upon the cases of Williams v. Dearborn Truck Co., 218 Ky. 271, 291 S. W. 388, Falls City Machinery & Wrecking Company v. Sobel-Mark Furniture Co., 219 Ky. 195, 292 S. W. 814, and Reichert v. Ellis Ferry Co., 184 Ky. 150, 211 S. W. 402. The first two involved a failure to comply with the provisions of section 571, supra; while the last one involved that section as well as 570, the only one here involved. In that (last) case the corporate litigant was excused from compliance with either of the sections because the transaction involved was one in interstate commerce, to which this and other courts hold that such legislation cannot and does not apply. The first two cited cases, supra, overruled a number of prior ones, beginning with Oliver Co. v. Louisville Realty Co., 156 Ky. 628, 161 S. W. 570, 51 L. R. A. (N. S.) 293, Ann. Cas. 1915C, 565, in which we held that a violation of the provisions of section 571 of our Statutes (notwithstanding it contained a penalty clause therefor) deprived the violating corporation of the right to resort to the courts of this commonwealth to enforce any contractual rights which it acquired in this state during the period of such violation. Those overruling opinions were based chiefly if not entirely upon the fact that section 571 (there involved) provided, as we have already said, a penalty for its violation and it was held that such penalty was the exclusive one to enforce compliance with its provisions. The ground for the holding in the overruling cases is absent in this one because section 570 contains no penalty for its violation, nor

does the ground upon which the opinion in the Reichert Case was rested appear in this one, there being no interstate transaction involved. Therefore, the cases so dealing with the provisions of section 571 are not strictly applicable to the question here presented which is, as we have seen, the consequences of a failure to comply with the provisions of section 570 which, as we have also seen, does not contain any affixed penalty. However, for the reason hereinbefore advanced, we have concluded that its violation is not available to defendants.

If, however, it were otherwise, and there were statutory provisions forbidding defendant's right to a resort to the courts of the commonwealth to enforce contractual obligations growing out of the exercise of corporate functions or of transacted business in this state, then, under the rule of strict interpretation, supra, a statute so framed would not be interpreted as embracing the denial of a foreign corporation's right to maintain an action *ex delicto* or one sounding in tort in order to protect its property within the commonwealth. The settled rule upon that subject is thus stated in 14A C. J. 1311, sec. 4015: "The fact that a foreign corporation is doing business in a state in violation of a statute requiring it to comply with certain conditions will not, in the absence of express provision to that end, preclude it from maintaining in the courts of the state actions which are purely ex delicto." See, also, the prior section 3983 in the same volume, page 1276, to the same effect. Cases in substantiation of the excerpt are cited in note 94 to the text from federal courts and those of Alabama, Arkansas, Colorado, Indiana, Maine, Montana, New Mexico, North Dakota, Pennsylvania, Philippine Islands, Tennessee, and Quebec.

"An action ex delicto is an action of tort; and action arising out of fault, misconduct, or malfeasance." 1 C. J. 929. The same definition is given by Mr. Bouvier and Mr. Black in their Law Dictionaries. In speaking of forcible entry and detainer actions, the text in 11 R. C. L. page 1165, sec. 27, says: "The action of forcible entry and detainer is a remedy intended to restore a person to the possession of lands which have been tortiously entered upon and detained with force or strong hand. Though now a civil proceeding for restitution, it is based on and has by modern legislation been evolved from the English forcible entry and detainer, which was originally a criminal proceeding merely." See, also, 26

C. J. 810, sec. 39, to same effect. A forcible detainer is where one originally in the rightful possession of real property refuses to surrender it at the termination of his possessory right; whilst forcible entry is a wrongful and tortious entry upon real property without the owner's consent. Each of them is essentially tortious and wrongful and neither of them emanates from contractual rights. Therefore, actions to recover the possession of real estate, either because of wrongful detainer or wrongful entry, are essentially ex delicto within the provisions of the text of C. J., supra. That being true and there being no statute expressly precluding plaintiff's right to maintain this action, notwithstanding its noncompliance with the provisions of section 570, the demurrer to defendant's plea was properly sustained.

Wherefore, for the reasons stated, the judgment is affirmed; the whole court sitting.