## Akers v. Fuller.

March 17, 1950.

Lawrence F. Speckman, Judge.

C. Maxwell Brown for appellant.

Louis H. Jull for appellee.

JUDGE REES—Reversing.

Clara M. Fuller brought an action against C. H. Akers and Mrs. Elizabeth Kelly to recover $29,817.15, treble the sum alleged to have been lost by plaintiff's husband in gambling operations conducted by the defendants. It was alleged in the petition that the defendants conducted a business enterprise under the assumed name of "Skeets & Kelly" at Fifteenth and Ormsby Streets, Louisville, Kentucky, where they furnished to the public food and beverages and, in addition thereto, engaged in gambling operations. The suit was brought under KRS 372.040. The defendant C. H. Akers was subpoenaed to appear before a notary public and give his testimony as if on cross-examination. He failed to appear at the stated time and place, but later appeared pursuant to an order of the court. He was asked certain questions concerning gambling at his place of business including the following: "Have you handled for Arthur R. Fuller any funds for gambling, or have you won or lost from him in any gambling transaction?" Upon advice of his attorney he refused to answer the questions with reference to gambling on the ground that the answers sought by the questions would incriminate him. The questions were certified to the court, and the court ordered Akers to answer them. He again refused to answer, was cited for contempt, and the following order was entered: "* * * it is now ordered and adjudged the defendant, C. H. Akers, be adjudged in contempt of Court, and the Court assesses a fine against the defendant, C. H. Akers, in the sum of $30.00, and that the said C. H. Akers be confined to the Jefferson County Jail so long as he refuses to give his deposition as aforesaid, by reason of said contempt."

Akers excepted and prayed an appeal to the Court of Appeals which was granted. The fine and the order of confinement were suspended pending the appeal.

The only question before us is the correctness of the court's order adjudging appellant in contempt. This order is appealable. Crook v. Schumann, 292 Ky. 750, 167 S. W. 2d 836; Adams v. Gardner, 176 Ky. 252, 195 S. W. 412. The action was brought in equity, and the court overruled a motion to transfer it to the ordinary docket. The court also overruled two special demurrers, one based on the ground that a wife cannot sue in an action of this character and the other on the ground that there was a defect of parties plaintiff. Appellant argues at considerable length that each of these rulings is erroneous, and that the judgment should be reversed for that reason. All of these orders are interlocutory and not appealable. The only order from which the defendant Akers appealed was the order adjudging him in contempt and punishing him therefor, and an appeal from that order brings no other question before the court. The sole question presented is whether the appellant was properly required to answer the questions propounded or does the immunity provided by section 11 of the Constitution of Kentucky apply to both criminal and civil cases. The precise question was presented in Kindt v. Murphy, Judge, 312 Ky. 395, 227 S. W. 2d 895. We held in that case that the rule of immunity extends to civil as well as criminal cases. After quoting from Jones on Evidence it was said: "Accordingly, it was early declared, and has since been universally held, that the privilege against self-incrimination may be asserted as of right in any ordinary civil case. Further, that to bring a person within the exemption it is not necessary that his examination as a witness should be had in the course of a penal or criminal prosecution or that such should have been commenced and be actually pending. It is sufficient if there is a law creating the offense under which the witness may be prosecuted. Wigmore, Sec. 2252, points out that this constitutional sanction is a recognition of a principle and not a new creation; that the clauses, 'the accused' and 'in criminal cases,' protect equally a mere witness in a civil case when the fact asked for is a criminal one, and that the privilege extends to all manner of proceedings in which testimony is to be taken. Jones, Commentaries of Evidence, Sections 2474, 2479, 2483; 58 Am. Jur., Witnesses, Sections 36, 43, 44, 45; 27 C. J. S., Discovery, secs. 5, 35, 73; 70 C. J. 719, 721; Boyd v. United States, 116 U. S. 616, 6

S. Ct. 524, 29 L. Ed. 746; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647.''

Appellee cites and relies upon Pettitte v. Smith, 261 Ky. 411, 87 S. W. 2d 945, where it was held that the trial court did not err in allowing the defendant in a forcible detainer proceeding to be called as a witness as if upon cross-examination and to testify that he had been engaged in selling whisky on the leased premises. The contract of rental contained a provision prohibiting gambling or the sale of whisky on the premises during the term of the lease, and the basis of the forcible detainer proceeding was that the lessee was selling whisky on the leased property. His defense was that the purpose of the contract was to prohibit those things which were violations of law and since the sale of whisky had become legal after the contract was entered into the terms of the contract had not been violated. His testimony, therefore, that he was selling whisky was not incriminating as no crime had been committed. It was held that the language of the contract was broad and comprehensive and prohibited the sale of whisky whether the sale was legal or illegal. The opinion could have been rested solely on the ground that the testimony of the defendant was not incriminating, but it went further and in the concluding sentence stated, in effect, that the privilege against self-incrimination could not be asserted in a civil case. The statement was not necessary in the decision of the case. The Pettitte case, though not referred to in the opinion, was, in effect, overruled to this extent in Kindt v. Murphy Judge, supra.

The judgment declaring appellant in contempt is reversed.