**McHUGH et al. v. KNIPPERT et al.**

Court of Appeals of Kentucky.

Nov. 9, 1951.

Stanley Chrisman, Covington, John W. Heuver, Newport, for appellants.

James E. Quill, Covington, for appellees.

STANLEY, Commissioner.

By forcible detainer warrant in a court of a justice of the peace, the appellants, E. R. McHugh and Lillian McHugh, sought to recover possession of the second and third floors of a building in Covington designated as 311, 313, 315, Scott Street. Sec. 450 et seq., Civil Code of Practice. The tenants are the appellees, Frank Knippert and wife. The defendants were adjudged not guilty. Upon a traverse, the circuit court also found for the defendants. The landlords appeal.

The right to recover possession of the property rests on an alleged forfeiture of the lease by breach of two conditions thereof. One is the subletting of the property. The other is the non-payment of rent in accordance with the terms of the lease.

 The appellants argue that the judgment was rendered as if it were a suit in equity to reform the lease; and the court had, in effect, done so. It is submitted that it was error not to have impaneled a jury to try the issue of the right to possession. The first appearance in the record of a claim to a jury trial is found in the motion and grounds for a new trial. The evidence had been heard by the judge alone without objection. The remedy of forcible entry and detainer was evolved from an English criminal proceeding and is not strictly a common law action. It is regarded as a statutory action at law to recover possession of real property and is triable as such by a jury. Sections 456, 465, Civil Code of Practice; Jolly v. Gilbert, 190 Ky. 1, 226 S.W. 354; Sayers & Muir Service Station v. Indian Refining Co., 266 Ky. 779, 100 S.W.2d 687. The failure to request a jury waived the right thereto, Sec. 312, Civil Code of Practice, and was equivalent to agreeing to submit the law and facts to the court.

We need not consider the question involving the rentals or the time of payment.

The original lease of the premises was executed by Nellie N. Abert, as lessor, and Edna Stewart, as lessee. It was for a period of ten years, expiring October 31, 1948. The property was inherited by Mrs. Jennie A. Neff upon the death of Mrs. Abert in 1943. Though the lease had five years yet to run, another lease, with identical terms and conditions, was executed by Mrs. Neff to Edna Stewart in May, 1943, for a period of ten years to commence November 1, 1948. Mrs. Stewart died within a year of the execution of this lease, and her rights and obligations as lessee descended to the appellee, Mrs. Frank Knippert. Mrs. Neff sold the property to the appellant in June, 1947. So, when the present lease became operative on November 1, 1948, the parties to this forcible detainer proceeding had the relation of landlord and tenants by succession. The proceeding was begun November 9, 1948.

One of the conditions of the contract is that if the lessee "shall assign this lease, or underlet said leased premises, or any part thereof * * * without the written consent of said lessor, her heirs or assigns, first had, * * * it shall be lawful for said lessor, her heirs or assigns, into said premises to re-enter, and the same to have again, re-possess and enjoy, as in her first and former estate; and thereupon this lease and everything herein contained on the said lessor's behalf to be done and performed, shall cease, determine, and be utterly void." The claimed breach of the condition is that the lessee, without consent, had sublet to different persons all the rooms of the leased premises.

 It appears that the original lessee, Mrs. Stewart, had lived in the property and operated it as a rooming house. Mrs. Knippert, the successor lessee, did not live on the premises but continued to rent out the rooms. The present owners, E. R. McHugh and wife, knew this when they acquired the property. It may be accepted as a legal conclusion that the alleged breach of the condition in the original contract was acquiesced in and waived by the present owners. But that lease expired by its

terms, and the rights and obligations created by it terminated October 31, 1948. With the commencement of the period covered by the new contract, there was a surrender and another legal entry by the lessee. R. C. H. Covington Co. v. Masonic Temple Co., 176 Ky. 729, 197 S.W. 420, L.R.A.1918A, 436; Hollowell v. Caldwell County, 288 Ky. 89, 155 S.W.2d 481. There is a distinction between occupancy under an independent, new lease and a lease executed as a renewal or extension of a prior one, which might be regarded as but continuing or prolonging the old for a further term. We do not think waiver under the former lease constitutes an estoppel to claim forfeiture under the new lease.

 Restrictive conditions in a lease, a breach of which authorizes a forfeiture, are rigidly construed so as to confine their operation within the exact limits defined by the terms of the conditions. Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S.W.2d 1039, 79 A.L.R. 1374. But where there is clear and substantive violation of such covenants, the courts will enforce an express forfeiture provision. Pettitte v. Smith, 261 Ky. 411, 87 S.W.2d 945; Schwartz Amusement Co. v. Independent Order of Odd Fellows, 278 Ky. 563, 128 S.W.2d 965.

The lessee, Mrs. Knippert, has not lived on the premises. She rented the rooms to different persons by the week and has been concerned only with keeping the property occupied by renters and collecting the rents. The question is whether that is a breach of the condition that the lessee should not "underlet" the same or "any part thereof" without first obtaining the written consent of the lessors which, it is agreed, was neither sought nor given.

The appellee relies on Mullins v. Nordlow, 170 Ky. 169, 185 S.W. 825. That was an action against the owner of a building partially destroyed by fire, for the injury of one, and death of two occupants. It was based upon negligent failure to provide reasonable fire escapes. The particular part of the premises had been leased by Mullins, the owner, to three other men for living quarters. They let some of the rooms to lodgers who used the facilities in common with the lessees. They retained control of the rooms, furnished them and attended to keeping them in order. The right of occupancy could be terminated at any time. In short, as stated in the opinion, the management by one of the lessees was such as is usually performed by the head of a household. The question was whether the injured and deceased men as such lodgers were trespassers to whom the owner owed no duty. He relied upon a clause in the lease to his tenants which provided that the premises should be used "as a family residence" and not otherwise, and expressly prohibited the subletting of any part of the premises for rooming purposes. The owner contended that permitting the occupancy of the rooms by the men burned was a violation of the contract. Our decision was that the joint occupancy by the parties was within the terms of "a family residence" and not a subletting to the persons burned. We recognized that to sublet means to surrender the possession and control of premises, or at least a part thereof, and held that it does not embrace taking in lodgers where the owners or the lessees attend to or care for the rooms, even though the lodgers had the exclusive right of occupancy of those rooms.

 It seems to us the Mullins case is distinguishable and not controlling. Here the lessee, Mrs. Knippert, subrented the entire leased premises to the use and occupancy of others. She did not exercise the same control or management nor render any such services as were rendered the lodgers by the lessees of Mullins. She transferred to her tenants the same estate the owner had transferred to her except as to the duration of the term of rental. One of the elements of a sublease is that the subtenant has a term less than the tenant, who retains a reversionary interest. Cities Service Oil Co. v. Taylor, 242 Ky. 157, 45 S.W.2d 1039, 79 A.L.R. 1374.

We are of opinion that the court should have adjudged a forfeiture of the lease.

Judgment reversed.