**Ruby HOVIOUS, Appellant,**

**v.**

**H. B. RILEY, as Administrator, etc., et al., Appellee.**

Court of Appeals of Kentucky.

May 20, 1966.

James G. Sheehan, Jr., Danville, for appellant.

Jackson D. Guerrant, John L. Ward, Danville, for appellee.

MOREMEN, Chief Justice.

Appellant, Ruby Hovious, was involved in an automobile accident and civil action for damages was filed. At the trial, counsel for the opposing side attempted to show that she was under the influence of intoxicating liquor at the time of the accident. A state trooper was introduced who described her physical appearance at the time from which it might be deduced that she was under the influence of intoxicants. In addition, the state trooper was permitted to testify over objection of appellant that she had refused to submit to a blood test after she was taken to a hospital. The question presented here is whether the court erred in admitting testimony concerning her refusal.

KRS 189.520 prohibits the operation of a vehicle on a highway by a person under the influence of intoxicating liquors or narcotic drugs. (KRS 189.990 fixes the penalty.) It also provides for tests of a defendant's blood and fixes standards and suggests presumptions which might arise from various percentages of alcohol found in the bloodstream.

Section (6) of this section reads: "No person may be compelled to submit to any test specified in subsection (4) of this section, but his refusal to submit to such test may be commented upon by the prosecution in the trial against any person charged with operating any vehicle while under the influence of alcohol." (Acts 1958, Chap. 126, effective 6–19–58.) The foregoing subsection was a departure from what had long been the law in this State. See Kentucky Statutes, Section 1645, and Criminal Code of Practice, Section 223.

KRS 421.225, re-compiled from KRS 455.090, 1962 Acts, Chapter 234, Section 62, which became effective January 1, 1963, reads in part:

"(1) In any criminal or penal prosecution the defendant, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be commented upon or create any presumption against him."

The foregoing subsection which refuses to permit anyone to comment upon a person's failure to testify has given force to that portion of Section 11 of the Constitution which simply states "He cannot be compelled to give evidence against himself," and supports that section of the fifth amendment of the Constitution of the United States which deals with self-incrimination.

We have extended the immunity rule to civil as well as criminal cases. In Kindt v. Murphy, Judge, 312 Ky. 395, 227 S.W.2d 895, this rule was quoted with approval from Jones on Evidence:

"Accordingly, it was early declared, and has since been universally held, that the privilege against self-incrimination may be asserted as of right in any ordinary civil case. Further, that to bring a person within the exemption it is not necessary that his examination as a witness should be had in the course of a penal or criminal prosecution or that such should have been commenced and be actually pending. It is sufficient if there is a law creating the offense under which the witness may be prosecuted. Wigmore, Sec. 2252, points out that this constitutional sanction is a recognition of a principle and not a new creation; that the clauses, 'the accused' and 'in criminal cases,' protect equally a mere witness in a civil case when the fact asked for is a criminal one, and that the privilege extends to all manner of proceedings in which testimony is to be taken."

That principle was re-affirmed in Akers v. Fuller, 312 Ky. 502, 228 S.W.2d 29.

It was noted above that § 11 of the state and Amendment 5 of the federal constitution provide that no one can be compelled to give evidence against himself, and, in order that the amendment not be denied its effectiveness, legislative action and judicial fiat have imposed the additional safeguard that no one should be permitted to comment on such a person's failure to testify. It was pointed out in a footnote to Griffin v. State of California, 380 U.S. 609, at page 611, 85 S.Ct. 1229, 14 L.Ed.2d 106, that: "The legislatures or courts of 44 States have recognized that such comment is, in light of the privilege against self-incrimination, 'an unwarrantable line of argument.'"

The Griffin case holds that the fifth amendment to the Constitution is made applicable to the states by the fourteenth amendment. The California Constitution provides in part: " * * * in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case

against him may be commented upon by the court and by counsel, and may be considered by the court or the jury."

Griffin did not take the stand at the trial. The court instructed the jury, in short, that the jury could take into consideration such failure as tending to indicate the truth of evidence which had been given against him and which he could be reasonably expected to deny or explain because of facts within his knowledge. The Supreme Court noted in its opinion that comment on the refusal to testify is a remnant of the inquisitorial system of criminal justice which the fifth amendment outlaws, and cited Murphy v. Waterfront Commission, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed. 678. It was said that what the jury may infer, given no help from the court is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another.

The decisive portion of the opinion reads:

"The question remains whether, statute or not, the comment rule, approved by California, violates the Fifth Amendment.

"We think it does. It is in substance a rule of evidence that allows the State the privilege of tendering to the jury for its consideration the failure of the accused to testify. No formal offer of proof is made as in other situations; but the prosecutor's comment and the court's acquiescence are the equivalent of an offer of evidence and its acceptance."

So here we have a situation where a state constitution permitted comment upon the refusal to testify and the Supreme Court of the United States held such a procedure was in violation of the fifth amendment.

When we return to the facts of the case under consideration, we find that the court admitted evidence of appellant's refusal to submit herself to a test which may have furnished proof that she had committed the crime of driving the motor vehicle while

intoxicated. She had the right to refuse under the provisions of KRS 189.520, which conform to the mandate of § 11 of our Constitution. The section, however, attempts to render nugatory that part of our procedural safeguard which denies the right to any person to comment upon such a refusal.

 Under the Constitution of this State and under the Constitution of the United States we are compelled to hold that subsection (6) of KRS 189.520 is unconstitutional and of no effect.

The judgment is therefore reversed.