**J. C. GILES, Petitioner,**

v.

**Lowell DOGGETT, Judge of the District Court in Kay County, Oklahoma, Respondent.**

**No. 45662.**

Supreme Court of Oklahoma.

June 6, 1972.

Rehearing Denied Sept. 11, 1972.

Armstrong, Burns, Baumert & Drake, by J. E. Burns, Ponca City, for petitioner.

R. R. Linn, Edwin L. Gorham, Ponca City, for respondent.

McINERNEY, Justice.

In this original proceeding, J. C. Giles petitions this Court for a writ of prohibition against the Honorable Lowell Doggett, Judge of the District Court in Kay County, Oklahoma. Petitioner seeks to prohibit Judge Doggett from enforcing an order directing petitioner to produce certain documents, books and records for inspection and copying. We grant the petition and prohibit enforcement of the order.

The order resulted from pre-trial discovery proceedings in an action commenced by Continental Oil Company against petitioner. Petitioner had been an employee of Continental for 26 years and had been Plant Engineer for the last 16 years. Continental seeks to recover monies allegedly received by petitioner as a result of his position with the Company. After alleging that petitioner worked with and supervised contractors performing construction and main-

tenance work for the Company, Continental alleged:

"[T]he defendant [petitioner], . . . while acting in his position . . ., has demanded and received from various and potential contractors large sums of money. . . . The various contractors and potential contractors were induced to make such payments to the defendant due to threats by defendant to prevent said contractors and potential contractors from obtaining work from the plaintiff [Continental] or to prevent the acceptance of and/or payment for work already performed."

Based on the provisions of 12 O.S.1971, § 548, Continental filed a motion requesting that the trial court require petitioner to produce for inspection and reproduction: copies of income tax returns and work sheets; bank account records; contracts, books and records disclosing transactions with contractors that performed work for Continental; and certain documents showing ownership of real and personal property. Petitioner objected to the production of the documents, books and records on the ground that they might tend to incriminate him. The trial court ordered production of the requested documents, books and records.

Under the provisions of 12 O.S.1971, § 548, a trial court may order the production of documents, books, records and other evidentiary items, "not privileged." In the present case, petitioner has asserted the privilege against self-incrimination provided by Article 2, Section 21, of the Oklahoma Constitution and the Fifth Amendment to the United States Constitution. Article 2, Section 21, of the Oklahoma Constitution provides in part:

"No person shall be compelled to give evidence which will tend to incriminate him. . . ."

The Fifth Amendment to the United States Constitution provides in part:

"[N]or shall [any person] be compelled in any criminal case to be a witness against himself. . . ."

Considering the circumstances of this case, are petitioner's documents, books and records protected by the privilege against self-incrimination?

■ The privilege against self-incrimination is not limited to criminal prosecutions, but may be invoked in any proceeding if the evidence sought might tend to subject one to criminal responsibility. McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S. Ct. 16, 17, 69 L.Ed. 158, 161 (1924); Rice v. State Board of Medical Examiners, 208 Okl. 440, 257 P.2d 292 (1953); Layman v. Webb, Okl.Cr., 350 P.2d 323, 332–333 (1960); Akers v. Fuller, 312 Ky. 502, 228 S.W.2d 29 (1950); 23 Am.Jur.2d, Depositions and Discovery, § 179, at 522; 58 Am. Jur., Witnesses, § 45, at 49.

In Rice v. State Board of Medical Examiners, 208 Okl. 440, 257 P.2d 292 (1953), the State Board of Medical Examiners sought to enjoin Rice from practicing medicine without a license. After the suit was commenced, Rice was served a subpoena duces tecum commanding him to produce his records of patients treated and treatment administered. Rice moved to quash the subpoena on the ground that the records might incriminate him. The trial court overruled the motion to quash, and Rice appealed to this Court. Upholding Rice's assertion that he could not be required to produce his records in derogation of his privilege against self-incrimination, the Court reversed with directions to sustain the motion to quash the subpoena.

In Layman v. Webb, Okl.Cr., 350 P.2d 323 (1960), the Laymans were subpoenaed to appear before a grand jury and to produce their partnership records in connection with an investigation of the construction of a highway. There was a possibility of a law violation related to the awarding of the cement contract to the Laymans' partnership. The Laymans refused to testify or produce records on the ground that their answers and records might tend to incriminate them. Because of the Laymans' actions, they were charged with indirect contempt of court, required to post bail

bonds and ordered to appear in court at a later date to show cause why they should not be found in contempt of court. Before the date specified in the show cause order, the Laymans petitioned the Court of Criminal Appeals to prohibit further action against them on the contempt charges. At a hearing before the Court of Criminal Appeals, Judge Webb stated that he had not yet held the Laymans in contempt of court, that he would cancel the bail bonds and that a hearing would be necessary to determine his ruling on the contempt charges. Denying the petition as premature, the Court of Criminal Appeals held that a hearing should be conducted before Judge Webb to determine if answers to seemingly harmless questions could divulge incriminating evidence. However, the Court of Criminal Appeals also held that the Laymans could not be required to produce partnership records that might be incriminating.

■ If petitioner's documents, books and records could divulge incriminating evidence or information leading to incriminating evidence, then we conclude that petitioner cannot be required to produce them for inspection and copying in the civil discovery proceeding. Unless petitioner's documents, books and records disclose or lead to evidence that petitioner obtained monies from persons or firms doing business with Continental by threatening to prevent acquisition of contracts or payment for completed contracts, the information contained in the documents, books and records would not be relevant to the issues in Continental's action against petitioner. Thus, if petitioner's alleged actions could subject him to criminal prosecution, any relevant information disclosed by the production of his documents, books and records might later be used against him in a criminal action.

Petitioner suggests in his brief that a criminal prosecution for extortion might result from his alleged activities. Extortion is defined in 21 O.S.1971, § 1481, as ". . . obtaining of property from another with his consent, induced by a wrongful use of force or fear. . . . " Section 1482 of Title 21 provides in part: "Fear such as will constitute extortion, may be induced by a threat . . . [t]o do an unlawful injury to the . . . property of the individual threatened. . . . " Comparing petitioner's alleged conduct to our definition of extortion without the benefit of Oklahoma case authority considering a criminal prosecution for extortion which involved similar factual circumstances, we cannot say that the possibility of a criminal action against petitioner for extortion is nonexistent. Neither can we say that the alleged dealings of petitioner with contractors while employed by Continental do not afford a basis for possible criminal prosecution, either State or Federal. Rutkin v. United States, 343 U.S. 130, 72 S.Ct. 571, 96 L.Ed. 833 (1952).

Accordingly, we hold that petitioner cannot be required to produce his documents, books and records because they might tend to incriminate him. However, our holding does not preclude Continental from calling petitioner as a witness at the trial or taking his deposition for discovery purposes prior to the trial, since it is incumbent upon the witness to assert the privilege in the appropriate proceeding. The holding is limited to an application of 12 O.S.1971, § 548, to the private papers of petitioner in the circumstances presented by the petition in this case. Since our holding includes petitioner's income tax returns, we do not consider it necessary to discuss the privilege for income tax returns involved in Matchen v. McGahey, Okl., 455 P.2d 52 (1969); and Application of Umbach, Okl., 350 P.2d 299 (1960).

Writ granted.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and BARNES, JJ., concur.