**COMMONWEALTH of Kentucky, Movant,**

v.

**Waldon L. HAGER, Respondent.**

Supreme Court of Kentucky.

Jan. 16, 1986.

David L. Armstrong, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for movant.

David VanHorn, Lexington, for respondent.

STEPHENSON, Justice.

Waldon L. Hager was convicted in district court for the offense of operating a motor vehicle while under the influence of intoxicants. KRS 189.520. On appeal, the circuit court reversed for a new trial. The Court of Appeals affirmed. We granted discretionary review and reverse the decision of the Court of Appeals and the circuit court.

Hager was stopped by a police officer for failure to stop at a "3-way stop" intersection. The officer testified he smelled alcohol on Hager's breath and administered three field sobriety tests, all of which were failed by Hager. He refused to take a breathalyzer test.

The Commonwealth, at trial, was permitted to introduce in evidence before the jury that Hager refused to submit to the breathalyzer test. Hager was convicted and appealed to the circuit court, asserting error in permitting the Commonwealth to put before the jury testimony that he refused a breathalyzer test. The circuit court reversed for a new trial, and the Court of Appeals affirmed in both instances, making a determination that the district court erred in permitting the jury to hear the testimony of such refusal on the part of Hager.

We are reversing these decisions but do not fault the circuit court or the Court of Appeals for their decisions. Each decision conformed with established law in this Commonwealth.

In *Hovious v. Riley*, Ky., 403 S.W.2d 17 (1966), we held that a statute which authorized comment upon a defendant's refusal to submit to the breathalyzer test violated Section 11 of the Kentucky Constitution and the Fifth Amendment to the United States Constitution.

We have reexamined our holding in *Hovious* in light of *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

There a South Dakota statute authorized revocation of the driver's license of a person refusing the test (a blood alcohol test) and permitted such refusal to be used against him at trial. The court held that the admission into evidence of a defendant's refusal to submit to a blood alcohol test does not offend his Fifth Amendment right against self-incrimination, stating:

> ... Given, then, that the offer of taking a blood-alcohol test is clearly legitimate, the action becomes no less legitimate when the State offers a second option of refusing the test, with the attendant penalties for making that choice. Nor is this a case where the State has subtly coerced respondent into choosing the option it had no right to compel, rather than offering a true choice. To the contrary, the State wants respondent to choose to take the test, for the inference of intoxication arising from a positive blood-alcohol test is far stronger than that arising from a refusal to take the test.

and further:

> ... We hold, therefore, that a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination.

With regard to a due process argument, although not made here, it falls within the fundamentally unfair test set out in *Hovious* and adopted by the Court of Appeals *and is* answered in *Neville*, thusly:

> ... It is true the officers did not inform respondent of the further consequence that evidence of refusal could be used against him in court, but we think it unrealistic to say that the warnings given here implicitly assure a suspect that no consequences other than those mentioned will occur. Importantly, the warning that he could lose his 'driver's license made it clear that refusing the test was not a "safe harbor," free of adverse consequences.

> While the State did not actually warn respondent that the test results could be used against him, we hold that such a failure to warn was not the sort of implicit promise to forego use of evidence that would unfairly "trick" respondent if the evidence were later offered against him at trial. We therefore conclude that the use of evidence of refusal after these warnings comported with the fundamental fairness required by due process.

The opinion of the Court of Appeals points out that we may, if we so choose, adopt more stringent rules of constitutional construction than the United States Supreme Court. We do not choose to do so and hereby overrule *Hovious*.

It is argued that in *Neville* a statute provides for the objected-to testimony and that Kentucky does not have such a statute now authorizing this comment.

We regard this as immaterial. The constitutionality of such comment on the failure to take such a test is not, in any respect, affected by whether or not a statute provides authorization for the comment.

We adopt the holding and language of *Neville*, and, accordingly, we reverse the decision of the Court of Appeals and the circuit court and affirm the judgment of the district court.

All concur.