Thomas R. HOPPENJANS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2008–CA–001388–DG.

Court of Appeals of Kentucky.

Nov. 25, 2009.

Harry P. Hellings, Jr., Covington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, James C. Monk, Assistant Attorney General, Frankfort, KY, for appellee.

Before STUMBO, THOMPSON, and WINE, Judges.

## OPINION

WINE, Judge.

Following a jury trial in the Carroll District Court, Thomas R. Hoppenjans ("Hoppenjans") was convicted of one count of operating a motor vehicle under the influence of alcohol, first offense ("DUI"). He appealed to the circuit court, arguing that he was entitled to a mistrial after the arresting officer testified that Hoppenjans had refused to take a preliminary breath test ("PBT"). The circuit court affirmed, finding that the trial court's admonishment to the jury was sufficient to cure the error. This Court granted discretionary review of the circuit court's order. Finding no abuse of discretion, we affirm.

■ There is no question in this case that the testimony by the arresting officer was improper. Kentucky Revised Statute ("KRS") 189A.100(1) clearly provides that "[a] person's refusal to take a preliminary breath test shall not be used against him in a court of law or in any administrative proceeding." Similarly, KRS 189A.104(2) prohibits the introduction of any breath analysis by an instrument other than stationary machine installed, tested, and maintained by the Commonwealth for that specific purpose. The parties also agree that Hoppenjans made a timely objection to the officer's testimony and requested a mistrial.[1] The trial court denied the motion for a mistrial, but admonished the jury to disregard the testimony. Hoppenjans contends that a mistrial was necessary due to the unfairly prejudicial effect of the testimony.

■ We disagree. A mistrial is an extreme remedy and should be resorted to only when there appears in the record a manifest necessity for such an action or an urgent or real necessity. *Bray v. Commonwealth*, 177 S.W.3d 741, 752 (Ky.2005). Furthermore, a jury is presumed to follow an admonition to disregard evidence; thus, the admonition cures any error. *Mills v. Commonwealth*, 996 S.W.2d 473, 485 (Ky. 1999).

■ Hoppenjans argues that the admonition served only to reinforce the testimony about his refusal to take the PBT. However, there are only two circumstances in which the presumptive efficacy of an admonition falters: (1) when there is an overwhelming probability that the jury will be unable to follow the court's admonition and there is a strong likelihood that the effect of the inadmissible evidence

would be devastating to the defendant; or (2) when the question was asked without a factual basis and was "inflammatory" or "highly prejudicial." *Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky.2003).

Hoppenjans has made neither showing. The testimony, while clearly improper, was only a small part of the evidence. As the Commonwealth correctly points out, there was other evidence which established guilt by a substantial degree. Hoppenjans failed or stumbled through each field sobriety test administered by the arresting officer. Additionally, the jury heard testimony that Hoppenjans refused to submit to a breath test. Such a refusal is admissible pursuant to KRS 189A.105(2)(a)(1); *Commonwealth v. Hager*, 702 S.W.2d 431, 432 (Ky.1986).

Furthermore, we find no indication in the record that the prosecutor intentionally elicited the improper testimony. During direct examination, the prosecutor asked the arresting officer to describe the traffic stop of Hoppenjans. After discussing Hoppenjans's performance on various coordination tests, the prosecutor then asked "What did you do next?" The officer then discussed the PBT and Hoppenjans's refusal to take the test.

■ For the purpose of appellate review, the trial judge is always recognized as the person best situated to properly evaluate the circumstances as to when a mistrial is required. *Kirkland v. Commonwealth*, 53 S.W.3d 71, 76 (Ky.2001). Consequently, the decision to grant a mistrial is within the trial court's discretion, and such a ruling will not be disturbed absent a showing of an abuse of that discretion. *Woodard v. Commonwealth*, 147 S.W.3d 63, 68 (Ky.2004). Hoppenjans has

---

1. Although the prosecutor alluded to this comment in his opening statement, there was no objection by counsel.

failed to show that the trial court abused its discretion by denying his motion for a mistrial.

We will add, however, that our holding on this matter should not be construed as an approval of the admission of this type of evidence. As Hoppenjans correctly points out, KRS 189A.100(1) and 189A.104(2) clearly prohibit the introduction of any evidence about the PBT during the guilt or sentencing phase of the trial. *See also Greene v. Commonwealth*, 244 S.W.3d 128 (Ky.App.2008). These statutes have been in effect since 2000. At this point, prosecutors and police officers participating in DUI cases should be fully aware of these rules. While an admonition was sufficient to cure the error in this case, this type of error should be easily avoidable with proper preparation of witnesses. Further, in a case with more questionable proof, we would be more likely to reverse and remand with instruction to conduct a new trial.

Accordingly, the order of the Carroll Circuit Court is affirmed.

ALL CONCUR.