UNIT RIG & EQUIPMENT COMPANY, an Oklahoma corporation, and Joe Bob Jeffress, Petitioners,

v.

The Honorable Kenneth EAST, Special Judge of the District Court of Tulsa County, State of Oklahoma, in relation to Robert William Hammett, Case No. C–71–185, Respondent.

No. 45812.

Supreme Court of Oklahoma.

Sept. 11, 1973.

Knight, Wilburn & Wagner, Tulsa, for petitioners.

Gudgel, Winn & Scott, Tulsa, for respondent.

BARNES, Justice:

This case concerns a personal injury action pending in the District Court in Tulsa County, wherein its defendants, Unit Rig & Equipment Company and Joe Bob Jeffress, requested that its plaintiff, Robert William Hammett, be examined by a doctor of their choice. Dr. R. performed this examination. Thereafter, plaintiff obtained an order from that court directing Dr. R. to appear and bring certain records with him so that plaintiff's attorneys could take his deposition.

Thereafter, defendants instituted the present proceeding in this Court for a writ

of prohibition against the Respondent District Judge, raising the following issues:

1. Is pre-trial discovery of defendants' expert medical witness permissible?

2. Are questions not related to the treatment of plaintiff permissible?

3. Can the plaintiff be required to pay expert witness fees to the deposing doctor?

 The question of whether or not the findings of the examining physician are the attorneys' work product and thus not subject to discovery procedures is not material here because the Legislature has required that said findings be furnished to the examined person or his attorney (12 O.S.1971, § 425) and in this case said findings were furnished to the plaintiff.

■ Our discovery procedures are broad and, with certain limitations (see Giles v. Doggett, Okl., 500 P.2d 574, 516, and cases there cited), it is not necessary that questions be limited to those which would be admissible in court. State ex rel. Westerheide et al. v. Shilling, Judge, 190 Okl. 305, 123 P.2d 674. Evidence which might lead to the disclosure of admissible evidence is discoverable. Carman v. Fishel, Okl., 418 P.2d 963.

■ The defendants also question the plaintiff's right to discover information about other patients Dr. R. has examined for defendants' attorneys. Such questions are permissible as long as they do not require the doctor to violate his doctor-patient relationship with other patients. For example, as long as the questions are limited to numbers of patients examined for defendants' attorneys and fees received therefor, they are permissible. Such questions could lead to the disclosure of admissible evidence or could furnish a basis for impeachment of the doctor's testimony.

■ With respect to expert witness fees on taking of depositions of opposing expert witness, see Rule 14—Discovery, 44 O.B.J. 2505, which authorizes the court to "require the party taking the deposition or submitting the interrogatory to pay the expert a reasonable fee for the time that he expended in preparing for and giving his deposition or in answering the interrogatory."

In accord with the foregoing, the three questions hereinbefore set forth are all answered in the affirmative and the writ herein applied for is denied in that the Respondent Judge is not prohibited from enforcing his order; however, to the extent that said order may contemplate, or direct, Dr. R. to appear and give evidence without entitlement to more than the "usual witness fee", the writ is granted.

Accordingly, the writ applied for is denied in part and granted in part.

DAVISON, C. J., and WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, LAVENDER and DOOLIN, JJ., concur.