**OKLAHOMA ORTHOPEDIC & ARTHRITIS FOUNDATION, INC., d/b/a Bone and Joint Hospital and McBride Clinic, Inc., Appellee,**

v.

**Mike MILLSTEAD, Appellant.**

No. 57448.

Court of Appeals of Oklahoma, Division 4.

March 22, 1983.

Rehearing Denied April 13, 1983.

Certiorari Denied June 7, 1983.

Released for Publication by Order of the Court of Appeals July 8, 1983.

---

Mike Millstead, pro se.

David D. Wilson, Baker, Baker & Wilson, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

This action was commenced in small claims court by an affiant who described herself as "Patricia Scroggins, Collector." She swore defendant attorney, Mike Millstead, was indebted to Oklahoma Orthopedic & Arthritis Foundation in the sum of $500 for two hours and 35 minutes of testimony in an earlier court trial Millstead prosecuted on behalf of James Bankhead on February 19, 1980, "and that the defendant refused to pay it."

The matter was heard August 25, 1981. The court awarded the clinic judgment in the sum of $350 on its claim and an attorney's fee of $150 for its attorney. Defendant Millstead appeals contending: (1) his demurrer to clinic's evidence should have been sustained; (2) the clinic was not the real party in interest; (3) he was not liable for the fee of any expert used during the February 19, 1980, trial; (4) certain hearsay evidence was erroneously admitted; and (5) the attorney's fee award was error.

We hold defendant's demurrer to clinic's evidence should have been sustained and reverse.

I

The foundation for this controversy was established when Millstead caused a subpoena to be issued for Thomas C. Howard, III, M.D., a physician with plaintiff clinic, commanding him to appear and testify for the plaintiff in what we will refer to as the Bankhead case. There is no evidence that the physician demanded a witness fee upon being served with the subpoena as required by 12 O.S.1981 § 391, nor is there any evidence that the subpoenaing attorney obligated either himself or his client to pay the witness anything.

The evidence disclosed that Dr. Howard had examined Bankhead at the request of the defendant in the earlier litigation. Howard had rendered a report of his findings and conclusions to the Bankhead case defendant and had given a deposition concerning them.

Howard appeared at the Bankhead trial and gave his testimony pursuant to a subpoena issued by Bankhead. His clinic sent lawyer Millstead a bill for $500 and upon his refusal to pay it turned the bill over to a "collector" who in turn filed this action.

II

Ignoring the fact that a bill collector instituted this action,[1] the record discloses that plaintiff clinic made no effort to prove that either defendant Millstead or his client ever agreed to pay expert Howard anything. As a matter of fact Howard testified that defendant never even discussed or attempted to reach an understanding with him about charges for his testimonial services. Moreover, the evidence was that Howard was listed in a pre-trial disclosure as a defense witness in the Bankhead case and that he had been paid by the Bankhead defense for the time and service rendered in examining Bankhead.

---

1. The Small Claims Procedure Act, 12 O.S.1981 § 1751, et seq., requires a small claims action to be "initiated by plaintiff or his attorney filing an affidavit . . . ." Id. § 1753.

■ There is no common law rule permitting the recovery of litigation expenses and if any such might exist it must be statutory. *Sarkeys v. Haas,* Okl., 402 P.2d 894 (1965). And as the court observed in *Sloan v. Owen,* Okl., 579 P.2d 812 (1977), there is no statutory authority for assessing expert witness fees as costs. Beyond this we are not aware of any basis for requiring a party or his attorney to pay expert witness fees absent an agreement express or implied. Merely subpoenaing an expert witness creates no implied obligation of the subpoenaing party or his attorney to pay a fee for the testimony. Moreover, if the provisions of the Medical-Legal Interprofessional Code conflict with the legal rights of a party the attorney has a duty to protect his client's rights and interests.[2]

In defense of the small claims judgment the clinic offers *Unit Rig & Equipment Co. v. East,* Okl., 514 P.2d 396 (1973), saying that it is authority for imposing legal liability for payment of a witness fee on a party's lawyer. This *Unit Rig* does not. All that case does is point out that District Court Rule 14—dealing with discovery—authorized the court to "require the party taking the deposition or submitting the interrogatory to pay the expert a reasonable fee for the time that he expended in preparing for and giving his deposition or in answering the interrogatory." The case does not speak to trial testimonial matters or to the liability of a party's attorney.

Indeed to hold otherwise, and impose personal liability for costs on a party's attorney, would tend to shackle his representative efforts and hamper his freedom to use every legal means of protecting his client's interests. Doubtless this is the reason neither common law nor statutory law has ever embraced such a theory as plaintiff here espouses.

### III

■ In his petition in error defendant asks for an attorney fee for the prosecution of this appeal. The trial court, according to plaintiff, awarded it an attorney's fee on the authority of 12 O.S.1981 § 936, because plaintiff's action was to recover for professional services. We believe this is a correct construction of § 936. This statute specifies that "the prevailing party shall be allowed a reasonable attorney fee to be set by the court . . . ."

Parenthetically we might add that we think the filing of this groundless lawsuit unfairly imposed upon the defendant and was oppressive. We will not say it was in bad faith, but it seems to border on it, and at least was ill-advised—a matter that should be taken into consideration in fixing the fee.

### IV

The cause is therefore reversed and remanded to the trial court with instructions to assign it to some judge other than the one who first heard it, who shall hold a fee hearing and award defendant Millstead a reasonable attorney fee—one which will fully compensate him for all the time and effort he has had to expend in defending himself in the trial court. Defendant is awarded an attorney's fee of $750 for prosecuting this appeal which, along with a judgment for other costs of this appeal, are taxed against plaintiff.

Reversed and remanded.

DeMIER and STUBBLEFIELD, JJ., concur.

---

**2.** Howard testified he received a copy of a letter the Medical-Legal Relations Committee wrote to Millstead and in it the committee opined that Millstead was responsible for Howard's fee because he "actually called [him] as a witness." No law was cited as a foundation for such opinion and we doubt that the committee intended its letter to be used by the clinic as a suggestion it should sue Millstead without impartial legal advice on the propriety of taking such action.